HENRY H. ISHAM, as Trustee of Certain Trusts Created by JOHN GIBBONS TRUMBULL, Respondent, *v.* MARY A. POST et al., as Administrators of AUGUSTUS T. POST, Deceased, Appellants.

*Isham* v. *Post,* 51 App. Div. 605, affirmed.
(Argued March 21, 1901; decided April 30, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 18, 1900, affirming a judgment in favor of plaintiff entered upon the report of· a referee.

*Charles F. Brown, David Willcox* and *Alfred Ely* for appellants.

*Frederic A. Ward* for respondent.

WERNER, J. This record presents no exceptions to the admission or exclusion of evidence. The learned Appellate Division has unanimously decided " that the findings of fact are supported by the evidence." This leaves nothing for our consideration but the claim of the learned counsel for the appellants that some of the findings of the referee are so radically inconsistent with others upon which the respondent must rely to support this judgment that they cannot all stand together. In aid of this contention the rule is invoked that the appellants are entitled to the benefit of the findings most favorable to them (*Bonnell* v. *Griswold,* 89 N. Y.

127; *Conselyea* v. *Blanchard*, 103 id. 231; *Israel* v. *Man. Ry. Co.*, 158 id. 624; *Parsons* v. *Parker*, 159 id. 16), and upon this ground it is asked that the judgment herein be reversed. After a careful examination of the referee's report we conclude that there is no such irreconcilable inconsistency in the referee's findings as to permit the application of the rule referred to, or to require a reversal of the judgment below. On the contrary, when the report is read as a whole it will be seen that there is no necessary conflict whatever in the findings. The general finding of negligence against defendants' intestate is qualified, but not negatived, by other findings absolving him from the imputation of negligence in certain specified particulars which are not essential to the support of this judgment. Neither is there any conflict between the judgment herein and the opinion of this court upon a former appeal in this case (141 N. Y. 100) as the record before us differs in important and controlling features from the case that was presented before.

The judgment below should be affirmed, with costs.

PARKER, Ch. J., GRAY, BARTLETT, MARTIN, VANN and CULLEN, JJ., concur.

Judgment affirmed.